UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANDREW BARRETT,

                  Plaintiff,

    -against-                                          9:22-CV-737 (LEK/ML)

KATHY HOCHUL,

                  Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Andrew Barrett commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Complaint"); Dkt. No. 2 ("IFP Application"). By Decision and Order entered on January 6, 2023, Plaintiff's IFP Application was granted, but following review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court found that it was subject to dismissal as frivolous and for failure to state a claim upon which relief may be granted. Dkt. No. 4 ("January 2023 Order"). In light of Plaintiff's pro se status, Plaintiff was afforded an opportunity to submit an amended complaint. Id. at 5–8.

Approximately two weeks after the issuance of the January 2023 Order, Plaintiff filed a one-page document that he captioned as an "amended complaint." Dkt. No. 6. The document did not contain a caption, list of parties, or request for relief; additionally, it was not signed, and did not explain when the alleged violation of Plaintiff's constitutional rights occurred. Id. Accordingly, by Text Order entered on February 17, 2023, the Court declined to accept Plaintiff's submission as an amended complaint and instead afforded him sixty days to submit a

proper amended complaint in accordance with the January 2023 Order. Dkt. No. 7 ("February 2023 Order").

Presently before the Court is another one-page document filed by Plaintiff that is captioned as an "amended complaint." Dkt. No. 8 ("Amended Complaint"). Although the submission does not comply with the February 2023 Order, and although it suffers from the same deficiencies as the prior "amended complaint," out of an abundance of solitude, the Court will address the sufficiency of the allegations set forth therein.

## II.   SUFFICIENCY OF THE AMENDED COMPLAINT

### A.  The Original Complaint and January 2023 Order

In his original Complaint, Plaintiff named the Governor of New York as a defendant, and presented allegations of wrongdoing, which failed to explain, in any respect, how this official may have violated his rights under federal law. See generally Compl.

Following review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), Plaintiff's Section 1983 claims were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), 28 U.S.C. § 1915A(b)(1), and for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8. See January 2023 Order at 4–8.

### B.  Review of the Amended Complaint

Because Plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his Amended Complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the January 2023 Order, familiarity with which is assumed. See January 2023 Order at 2–4.

Plaintiff's Amended Complaint, while lacking a caption, list of defendants, and request for relief, provides slightly more detail than the original Complaint regarding Plaintiff's intended claims. Specifically, the Amended Complaint alleges that Plaintiff "was cut in the yard" and the Governor of New York, as well as unidentified corrections officials, "did nothing" despite the Governor's obligation to "supervise" Plaintiff. See Am. Compl. The document also alleges that as a result of this inaction, Plaintiff "lost [his] life[.]" Id.

As an initial matter, the Amended Complaint fails to explain where and when the alleged violation of Plaintiff's constitutional rights occurred. Thus, it remains unclear whether this action is timely and whether venue is proper in this District.

Furthermore, "[i]t is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" Austin v. Pappas, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" is insufficient to show his or her personal involvement in that unlawful conduct. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

The Second Circuit recently clarified that "there is no special rule for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020). Instead, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution. Id. (quoting Iqbal, 556 U.S. at 676). In the context of an

Eighth Amendment claim against a supervisory official, a plaintiff must establish that the supervisory official himself "acted with deliberate indifference—meaning that [the official] personally knew of and disregarded an excessive risk to [the plaintiff's] health or safety." Id. (internal quotation marks and citation omitted).

Here, Plaintiff's bare allegation that the Governor of New York is responsible for supervising Plaintiff is insufficient to plausibly suggest that this official was personally involved in any of the wrongdoing identified in the Amended Complaint. See id. at 616 (holding that a plaintiff asserting an Eighth Amendment claim against a supervisory official must allege that the supervisor had "subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it"); Fashaw v. New York, No. 21-CV-02336, 2021 WL 1999732, at *3 (S.D.N.Y. May 17, 2021) ("Plaintiff cannot assert viable claims against individuals in supervisory positions, including the governor, the mayor, and commissioners of city and state agencies, simply because they are in positions of authority."); Alexander v. Cuomo, No. 9:17-CV-309, 2018 WL 2041576, at *5 (N.D.N.Y. Feb. 26, 2018) (dismissing supervisory liability claim against Governor Cuomo stemming from his alleged actions at Clinton Correctional Facility following the escape of two inmates).

Accordingly, as with the original Complaint, the allegations in the Amended Complaint do not support any plausible claim against the Governor of New York. Therefore, Plaintiff's Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, and for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

### III.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that this action alleging federal claims under Section 1983 is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, and for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8. The Clerk is directed to terminate the Defendant and close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:    April 11, 2023
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge